~~Jason M. Drangel (JD 7204)~~
~~jdrangel@ipcounselors.com~~
~~Ashly E. Sands (AS 7715)~~
~~asands@ipcounselors.com~~
~~Danielle Futterman (DY 4228)~~
~~dfutterman@ipcounselors.com~~
~~Gabriela N. Nastasi~~
~~gnastasi@ipcounselors.com~~
~~Grace A. Rawlins~~
~~grawlins@ipcounselors.com~~
~~EPSTEIN DRANGEL LLP~~
~~60 East 42nd Street, Suite 1250~~
~~New York, NY 10165~~
~~Telephone:    (212) 292-5390~~
~~Facsimile:     (212) 292-5391~~
~~*Attorneys for Plaintiffs*~~
~~*Celine S.A., Christian Dior S.A., Fendi S.r.l., and Loewe S.A.*~~

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CELINE S.A., CHRISTIAN DIOR S.A., FENDI S.R.L., and LOEWE S.A., <br><br> *Plaintiffs* <br><br> v. <br><br> HONGKONG CSSBUY E-COMMERCE CO., LIMITED, d/b/a CSSBUY d/b/a CSSBUY, <br><br> *Defendant* | **24-cv-4627 (JHR)** <br><br> **[PROPOSED] PRELIMINARY INJUNCTION ORDER** |

1

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiffs** | Celine S.A. ("Celine"), Christian Dior S.A. ("Dior"), Fendi S.r.l. ("Fendi"), and Loewe S.A. ("Loewe") |
| **CSSBuy or Defendant** | HongKong CSSBuy E-Commerce Co., Limited d/b/a CSSBUY d/b/a CSSBUY, which operates the online platform available at cssbuy.com that offers services to consumers across the world and specifically consumers residing in the U.S., including New York, including by assisting consumers with sourcing, consolidating, marketing, promoting, offering for sale, selling, purchasing, warehousing and shipping goods to or from third-party Chinese marketplaces |
| **Taobao** | Taobao, operating as Taobao.com, which is owned and operated by Alibaba Group Holding Limited, is an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants to advertise, offer for sale, sell, distribute and ship their wholesale and retail products in China |
| **1688** | 1688, operating as 1688.com, which is also owned and operated by Alibaba Group Holding Limited, is an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants to advertise offer for sale, sell, distribute and ship their wholesale and retail products in China |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |
| **New York Address** | 60 East 42nd Street, Suite 1250, New York, New York 10165 |
| **Complaint** | Plaintiffs' Complaint |
| **Application** | Plaintiffs *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Lambert Dec.** | Declaration of Nicolas Lambert in Support of Plaintiffs' Application |
| **Rawlins Dec.** | Declaration of Grace A. Rawlins in Support of Plaintiffs' Application |
| **Celine Products** | Celine's luxury women's and men's leather goods, clothing, perfume and other fashion accessories |
| **Celine Marks** | Celine's trademarks, covered by the following U.S. |

2

| | |
|---|---|
| | Trademark Registration Nos.: 3,919,067 for [logo] for a variety of goods in Class 25; 6,337,314 for [logo] for a variety of goods in Classes 9 and 18; 6,187,133 for [logo] for a variety of goods in Classes 3, 4, 6, 9, 14, 18, 25 and 35; 1,000,156 for CÉLINE for a variety of goods in Class 18; 4,879,264 for [bag image] for a variety of goods in Class 18; 4,741,109 for [bag image] for a variety of goods in Class 18; 5,489,333 for [bag image] for a variety of goods in Class 18; 5,929,320 for CELINE for a variety of goods in Class 4; 4,434,530 for CELINE for a variety of goods in Class 3; 1,772,927 for "CELINE" for a variety of goods in Classes 14 and 25; 982,010 for "CELINE" for a variety of goods in Classes 10, 25 and 26; and 2,475,129 for "CELINE" for a variety of goods in Class 9 |
| **Dior Products** | Dior's luxury women's and men's leather goods, clothing, perfume and other fashion accessories |

3

| **Dior Marks** | Dior's trademarks covered by the following U.S. Trademark Registration Nos.: 2,790,589 for ![bee mark] for a variety of goods in Classes 9, 14 and 25; 1,776,536 for ![cannage pattern] for a variety of goods in Classes 18 and 25; 4,389,968 for ![quilted pattern] for a variety of goods in Classes 9, 18 and 25; 1,123,944 for ![CD] for a variety of goods in Classes 9, 14, 18 and 25; 1,807,042 for ![CD] for a variety of goods in Classes 6 and 26; 4,853,081 for ![CD] for a variety of goods in Classes 9, 14, 18 and 25; 7,082,609 for ![CD] for a variety of goods in Classes 9, 14, 18 and 25; 7,082,532 for ![CD heart DIOR] for a variety of goods in Classes 9, 14, 18 and 25; 1,816,812 for *Christian Dior* for a variety of goods in Class 16; 3,561,323 for *Dior* for a variety of goods in Class 9; 1,923,564 for *Dior* for a variety of goods in Classes 14 and 18; 2,932,805 for *Dior* for a variety of goods in Class 35; 2,749,176 for ![Dior logo] for a variety of goods in Classes 18 and 25; 3,002,132 for |

| | |
|---|---|
| | ⭐ for a variety of goods in Class 14; 7,209,574 for "BABY DIOR" for a variety of goods in Classes 9, 12, 14, 18, 20, 21, 25 and 28; 523,754 for "CHRISTIAN DIOR" for a variety of goods in Classes 10, 25, and 26; 543,994 for "CHRISTIAN DIOR" for a variety of goods in Class 18; 6,578,531 for "DIORIVIERA" for a variety of goods in Classes 9, 14, 18 and 25; 519,367 for "CHRISTIAN DIOR" for a variety of goods in Class 14; 541,088 for "CHRISTIAN DIOR" for a variety of goods in Class 25; 567,077 for "CHRISTIAN DIOR" for a variety of goods in Class 25; 954,404 for "CHRISTIAN DIOR" for a variety of goods in Class 9; 954,415 for "DIOR" for a variety of goods in Class 14; 1,848,630 for "DIOR" for a variety of goods in Class 25; 5,980,125 for "DIOR SADDLE" for a variety of goods in Class 18; 4,953,491 for "DIORAMA" for a variety of goods in Class 14; and 5,505,434 for "J'ADIOR" for a variety of goods in Classes 9, 14, 18 and 25 |
| **Fendi Products** | Fendi's luxury women's and men's leather goods, clothing, perfume and other fashion accessories |
| **Fendi Marks** | Fendi's trademarks covered by the following U.S. Trademark Registration Nos.: 5,505,551 for [F logo] for a variety of goods in Classes 3, 9, 14, 18, 20, 25 and 35; 1,569,570 for **FENDI** for a variety of goods in Class 14; 4,058,337 for **FENDI** for a variety of goods in Class 9; 5,887,601 for [FENDI ROMA ITALY 1925 seal] for a variety of goods in Classes 9, 14, 18 and 25; 2,648,257 for |



for a variety of goods in Class 18; 6,874,501 for for a variety of goods in Classes 9 and 14; 2,648,256 for for a variety of goods in Class 18; 5,563,158 for for a variety of goods in Classes 3, 9, 14, 18, 20, 25 and 35; 6,861,520 for for a variety of goods in Classes 3, 9, 14, 18, 20 and 25; 7,128,810 for for goods in Class 18; 1,267,539 for for a variety of goods in Classes 3 and 25; 6,821,740 for for a variety of goods in Classes 3 and 27; 4,362,861 for

6



| | |
|---|---|
| | ![FF] for a variety of goods in Classes 9, 14, 18, 20, 24 and 25; 1,214,472 for ![FF] for a variety of goods in Class 18; 4,036,925 for ![FF] for a variety of goods in Classes 18 and 25; 1,583,578 for ![FF] for a variety of goods in Class 14; 2,803,999 for "BAGUETTE" for a variety of goods in Class 18; 6,866,947 for "FENDI" for a variety of goods in Classes 3, 20, and 27; 7,122,024 for "PEEKABOO" for a variety of goods in Class 18; 4,929,737 for "FENDI" for a variety of goods in Class 9; and 6,868,227 for "FENDI FIRST" for a variety of goods in Class 18 |
| **Loewe Products** | Loewe's luxury women's and men's leather goods, clothing, perfume and other fashion accessories |
| **Loewe Marks** | Loewe's trademarks covered by the following U.S. Trademark Registration Nos.: 1,328,409 for ![Loewe anagram] for a variety of goods in Classes 18 and 25; 4,852,854 for ![L] for a variety of goods in Class 25; 5,047,314 for ![Loewe anagram] for a variety of goods in Classes 3, 9, 14, 18 and 25; 1,122,323 for "LOEWE" for a variety of goods in Classes 16, 18 and 20; and 2,770,759 |

|  |  |
|---|---|
|  | for "LOEWE" for a variety of goods in Class 25 |
| **Plaintiffs' Marks** | Celine Marks, Dior Marks, Fendi Marks and Loewe Marks |
| **Plaintiffs' Products** | Celine Products, Dior Products, Fendi Products and Loewe Products |
| **Counterfeit Products** | Products bearing or used in connection with the Celine Marks, Dior Marks, Fendi Marks or Loewe Marks, and/or products in packaging and/or containing labels bearing any of the Celine Marks, Dior Marks, Fendi Marks or Loewe Marks and/or products that are identical or confusingly similar to the Celine Products, Dior Products, Fendi Products or Loewe Products |
| **Infringing Listings** | Defendant's listings for Counterfeit Products |
| **Merchant Storefronts** | Any and all storefronts through which sellers on the Taobao and 1688 platforms import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are promoted and/or advertised by Defendant, its respective officers, employees, agents, servants and any persons in active concert or participation with any of them |
| **Defendant's Assets** | Any and all money, securities or other property or assets of Defendant (whether said assets are located in the U.S. or abroad) |
| **Defendant's Financial Accounts** | Any and all financial accounts associated with or utilized by Defendant (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), the Alibaba Group d/b/a Alibaba.com payment services, World First Asia, Ltd. ("World First Asia"), AUS Merchant Services, Inc. ("AUS") and Alipay Merchant Services Pte. Ltd., Alipay.com Co., Ltd., Ant Financial Services Group, Stripe Payments Canada, Ltd. ("Stripe"), Visa Inc. ("Visa"), American Express Company ("American Express"), Mastercard Inc. ("Mastercard"), Discover Financial Services, Inc. ("Discover"), Google LLC payment services (e.g. Google Pay), Apple Inc. payment services ("Apple Pay"), JPMorgan Chase Bank, NA ("Chase"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions Inc. ("PingPong"), Airwallex (Hong Kong) Limited ("Airwallex HK"), Airwallex (UK) Limited, Worldpay (HK) Limited ("Worldpay"), World First UK Ltd. ("World First UK"), Bank of China ("BOC"), Citibank N.A. ("Citibank"), Green Dot Bank, iDEAL payment services ("iDEAL"), Wise payment services ("Wise"), WeChat Pay Payment Services (e.g. WeChat Pay), Community Federal Savings Bank ("CFSB"), First Century Bank NA ("First Century") and/or any entities |

|  | affiliated with those listed herein holding Defendant's Assets |
|---|---|

**ORDER**

1. As further elaborated in the Court's forthcoming opinion, Plaintiffs are entitled to injunctive relief through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendant is hereby restrained and enjoined from engaging in any of the following acts or omissions in the United States through the pendency of this litigation:

        i. advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging, shipping, exporting and/or otherwise facilitating the sale of Counterfeit Products or any other products bearing Plaintiffs' Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of Plaintiffs' Marks;

        ii. directly or indirectly infringing in any manner Plaintiffs' Marks;

        iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Marks, to identify any goods or services not authorized by Plaintiffs;

        iv. using Plaintiffs' Marks and/or any other marks that are confusingly similar to Plaintiffs' Marks on or in connection with advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging, shipping, exporting and/or otherwise facilitating the sale of Counterfeit Prodcuts;

        v. using any false designation of origin or false description, or engaging in any action that is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product advertised, listed, promoted, purchased, validated, reviewed, warehoused, packaged, shipped, exported and/or otherwise sold by Defendant with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed,

   promoted, distributed, displayed, offered for sale or sold by Defendant and Defendant's commercial activities and Plaintiffs;

  vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating Defendant's Assets and the advertising, listing, promoting, purchasing, validating, reviewing, warehousing, packaging, shipping, exporting and/or otherwise facilitating the sale of Counterfeit Products;

  vii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vi) above, and 1(b)(i) below.

 b) Accordingly, Defendant and all persons in active concert and participation with Defendant who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

  i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendant's Assets from or to Defendant's Financial Accounts until further ordered by this Court.

2. ~~As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:~~

 a) ~~Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal~~

11

~~Rules of Civil Procedure, as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendant, served with this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.~~

b) ~~Plaintiffs may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendant who is served with this Order and the requests for the production shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.~~

c) ~~Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiffs' counsel with all documents and records in their possession, custody or control, relating to any and all of Defendant's Financial Accounts, including, but not limited to, documents and records relating to:~~

   i. ~~account numbers;~~

   ii. ~~current account balances;~~

   iii. ~~any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendant's Financial Accounts;~~

   iv. ~~any and all deposits and withdrawals during the previous year from each and every one of Defendant's Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips,~~

12

~~cancelled checks and account statements; and~~

~~v.   any and all wire transfers into each and every of Defendant's Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.~~

3. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), that service may be made on, and shall be deemed effective as to Defendant if it is completed via Federal Express at Defendant's registered office address, 300 Lockhart Road, 12/F, Wan Chai, Hong Kong CN 99907.

4. As sufficient cause has been shown, such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendant and Financial Institutions through the pendency of this action.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Financial Institutions if it is completed by the following means:

a)   delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b)   delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services, World First Asia, Ltd., AUS Merchant Services, Inc. and Alipay Merchant Services Pte. Ltd. will be able to download a PDF copy of this Order via electronic mail to US_IPR_TRO_Requests@alipay.com;

c)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Stripe Payments Canada, Ltd. will be able to download a PDF copy of this Order via electronic mail to notices@stripe.com;

d)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Visa Inc. will be able to download a PDF copy of this Order via electronic mail to businessconduct@visa.com;

e)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where American Express Company will be able to download a PDF copy of this Order via electronic mail to amexsru@aexp.com;

f)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Mastercard Inc. will be able to download a PDF copy of this Order via electronic mail to ipinquiries@mastercard.com;

g)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Discover Financial Services, Inc. will be able to download a PDF copy of this Order via electronic mail to civilsubpoena@discover.com;

h)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Apple, Inc. will be able to download a PDF copy of this Order via electronic mail to lawenforcement@apple.com;

i)  delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where Google LLC will be able to download a PDF copy of this Order via electronic mail to google-legal-support@google.com;

j) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where JPMorgan Chase Bank, NA will be able to download a PDF copy of this Order via electronic mail to kristina.r.hall@jpmchase.com;

k) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

l) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com;

m) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Airwallex (Hong Kong) Limited and Airwallex (UK) Limited will be able to download a PDF copy of this Order via electronic mail to kking@maglaw.com;

n) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Worldpay (HK) Limited will be able to download a PDF copy of this Order via electronic mail to support@worldpay.com;

o) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where World First UK Ltd. will be able to download a PDF copy of this Order via electronic mail to complaints@worldfirst.com;

p) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Bank of China will be able to download a PDF copy of this Order via electronic mail to service.at@bankofchina.com;

q) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Citibank N.A. will be able to download a PDF copy of this Order via electronic mail to alyssa.mitchell@citi.com, renae.a.rodriguez@citi.com and lsi@citi.com;

r) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Green Dot Bank will be able to download a PDF copy of this Order via electronic mail to IR@greendot.com;

s) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Wise Payments Limited will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@wise.com;

t) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where WeChat Pay will be able to download a PDF copy of this Order via electronic mail to wxpayglobal@tencent.com;

u) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Community Federal Savings Bank will be able to download a PDF copy of this Order via electronic mail to compliance@cfsb.com; and

v) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where First Century Bank NA will be able to download a PDF copy of this Order via electronic mail to info@myfcbusa.com.

6. Defendant is hereby given notice that it may be deemed to have actual notice of the terms of this Order and any act by it in violation of this Order may be considered and prosecuted as in contempt of this Court.

7. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

8. ~~Defendant may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.~~

**SO ORDERED.**

SIGNED this 30th day of October, 2024, at 8:52 p.m.
New York, New York

                                              *Jennifer H. Rearden*
                                              HON. JENNIFER H. REARDEN
                                              UNITED STATES DISTRICT JUDGE